IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **06-cv-00609-REB-MJW**


KEVIN MARTIN, et al.,

Plaintiffs,

v.

THE DIRECTORS GUILD OF AMERICA, et al.,

Defendants.

---

**RECOMMENDATION ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF DISMISSAL OF COMPLAINT ON 4/6/2006 (Docket No. 3)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This matter is before the undersigned pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on April 20, 2006 (Docket No. 7).

On April 3, 2006, the pro se plaintiffs filed an enormous "PROVISIONAL COMPLAINT FOR DAMAGES AND FORCLOSURE [sic] OF MECHANICS LIEN" (Docket No. 1).  That pleading had the caption for this court, and under a subheading entitled "VENUE AND JURISDICTION" it was stated "[t]his Court has jurisdiction of the parties and claims at issue in this action, and venue is appropriate pursuant to Colo. R. Civ. P. 98 and Colo. Rev. Stat. 7-80-801, *et seq.*"  (Docket No. 1 at 20).

Thereafter, on April 6, 2006, District Judge Marcia S. Krieger issued an Order to

2

Dismiss for Lack of Subject Matter Jurisdiction in which all claims were dismissed, and the Clerk of Court was directed to close this case. (Docket No. 2). Judge Krieger found in that brief Order that "[t]here are no allegations in the Complaint which support this Court's exercise of subject matter jurisdiction." (Docket No. 2 at 3). Plaintiffs are now before the court seeking reconsideration of that Order.

The court first notes that seven of the eight named pro se plaintiffs are Limited Liability Companies ("LLCs"). It is well established that LLCs must be represented by counsel in order to proceed before this court. See Roscoe v. United States, 134 Fed.Appx. 226 (10th Cir. Apr. 29, 2005) (LLC cannot proceed pro se. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (quoting Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-02 (1993)). Although plaintiff Kevin Martin states in the original complaint and in his proposed amended complaint that he is the "sole owner, registered agent and managing member" for the seven LLC plaintiffs (see Docket No. 4 at 5), since there is no indication that he is an attorney admitted to practice before this court, he cannot represent the 7 LLC plaintiffs in this case.

In the pending motion, plaintiff Martin asserts that on April 3, 2006, he filed two separate but almost identical complaints, one in this court and one in Weld County District Court, because "[r]ather than allow any possibility that either complaint could be viewed as untimely, plaintiff was forced to record provisional complaints for each court and sought to file these preliminary and incomplete versions with the clear

3

understanding that after final drafts have been completed, bolstered and scrutinized, plaintiff would then record those amended complaints and serve them upon the defendants." (Docket No. 3 at 3). He claims that on April 3 he took electronic files of both "provisional drafts" to a local copy center to have them printed on a faster machine, but even though the pleading originally filed in this court carried this court's caption, plaintiff Martin now contends that by mistake two copies of the Weld County complaint were printed instead of one for each court. (Docket No. 3 at 4). He asserts that "[b]ecause of the number of defendants [over 400] as well as causes of actions [over 165] the complaint was beyond plaintiff's ability to proof read these freshly printed copies in such a short amount of time and with the assumption one of each was printed, their [sic] should have been no potentially fatal exclusion." (Docket No. 3 at 4). Plaintiff advises that "[s]ince this oversight has been discovered, plaintiff included the correct complaint with the different jurisdiction and venue designation along with this motion and request that this court reconsider the April 6, 2006 ruling." (Docket No. 3 at 4). Furthermore, plaintiff asserts that "[s]ince the complaint is provisional and has not and will not be served until the amended draft has been recorded, no defendant parties would be prejudiced with this correction. On the other hand, however, if plaintiffs were unable to correct this simple mistake, the dismissal would be highly prejudicial to plaintiffs' case causing further aggravation and damages." (Docket No. 3 at 4).

The court has reviewed the changes made by the plaintiff in the tendered "CORRECT PROVISIONAL COMPLAINT FOR DAMAGES AND FORCLOSURE [sic] OF MECHANICS LIEN" (Docket No. 4) under the subheading "VENUE AND

4

JURISDICTION." Plaintiff now asserts the following in that section of his proposed amended pleading:

> 83. This Court has jurisdiction of the parties and claims at issue in this action pursuant to 28 U.S.C. § 1338(a) as to this action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. and (b) unfair competition when joined with a substantial and related claim under copyright, patent, plant variety protection or trademark law.
>
> 84. This Court also has jurisdiction of the parties and claims at issue in this action pursuant to 28 U.S.C. § 1332(a) where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states and in which citizens or subjects of a foreign state are additional parties.
>
> 85. This Court has supplemental jurisdiction of the parties and claims at issue in this action pursuant to 28 U.S.C. § 1367(a) in which other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy.
>
> 86. Venue in this case is proper in this District and before this court pursuant to 28 U.S.C. § § 1400(a0, 1391(b) because **Plaintiffs as well as a substantial part of the Defendants are Colorado entities or citizens**. Civil actions, suits, or proceedings arising under an Act of Congress relating to copyright or exclusive rights and may be instituted in the district in which the defendant or his agent resides or may be found. **Plaintiffs and Defendants conduct business in Colorado**, in which a substantial part of the events or omissions giving rise to the claims and resulting dispute between parties occurred. And all real property that is the subject of the action is situated in Colorado.

(Docket No. 4 at 20-21) (emphasis added).

Upon review of the 285-page "CORRECT PROVISIONAL COMPLAINT FOR DAMAGES AND FORCLOSURE [sic] OF MECHANICS LIEN" (Docket No. 4), it is readily apparent that the above-stated bases for jurisdiction also fail to support this Court's exercise of subject matter jurisdiction. None of the plaintiff's 159 legal claims

5

arise under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks as alleged by the plaintiff.  Furthermore, even from the plaintiff's statement of jurisdiction and venue it is readily apparent that complete diversity is lacking in this case.  Plaintiff states in that section that "Plaintiffs as well as a substantial part of the Defendants are Colorado entities or citizens."  Although the plaintiff's description of the parties in his proposed amended complaint does not provide all of the information needed to ascertain the citizenship of each defendant, the information provided regarding just some of the defendants (i.e., several Colorado corporations with principal places of business in Colorado) establishes that complete diversity is lacking.  (See Docket No. 4 at 1-20).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED,** that the Plaintiffs [sic] Motion for Reconsideration of Dismissal of Complaint on 4/6/02006, which was filed on April 11, 2006 (Docket No. 3) be granted.  However, upon reconsideration, it is further

**RECOMMENDED** that Judge Krieger's April 6, 2006, Order to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 2) **not** be vacated and that this case remain closed.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific**

6

**objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 28, 2006  
       Denver, Colorado

<u>s/ Michael J. Watanabe</u>  
Michael J. Watanabe  
United States Magistrate Judge